J-S39006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN FORD | : | |
| | : | |
| Appellant | : | No. 517 EDA 2018 |

Appeal from the Judgment of Sentence February 12, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005006-2016

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:            **FILED AUGUST 19, 2019**

Appellant, Kevin Ford, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for aggravated assault, conspiracy to commit aggravated assault, simple assault, and conspiracy to commit simple assault.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.  Procedurally, on February 13, 2018, Appellant's trial counsel filed a motion to withdraw, and Appellant filed a *pro se* notice of appeal. Following a hearing on February 27, 2018, the court permitted trial counsel to withdraw.  The court appointed appellate counsel on February 28, 2018.  On

---

[1] 18 Pa.C.S.A. §§ 2702(a), 903 (section 2702 related), 2701(a), and 903 (section 2701 related), respectively.

---

*   Former Justice specially assigned to the Superior Court.

July 12, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2] Appellant complied on July 22, 2018.

Appellant raises three issues for our review:

> WAS THE EVIDENCE INSUFFICIENT TO SUSTAIN THE GUILTY VERDICT FOR AGGRAVATED ASSAULT (F2) WITH A DEADLY WEAPON, AS THERE WAS NO EVIDENCE THAT APPELLANT INFLICTED OR ATTEMPTED TO INFLICT ANY BODILY INJURY TO [VICTIM] WITH A DEADLY WEAPON (FIREARM), AND AT MOST WAS SEEN TUGGING ON [VICTIM]'S PANTS?
>
> WAS THE EVIDENCE INSUFFICIENT TO SUSTAIN THE GUILTY VERDICT FOR CONSPIRACY TO COMMIT AGGRAVATED ASSAULT (F2) WITH A DEADLY WEAPON, AS THERE WAS NO EVIDENCE THAT APPELLANT ENTERED INTO ANY AGREEMENT WITH ANOTHER TO COMMIT BODILY INJURY TO [VICTIM], WITH A DEADLY WEAPON (FIREARM)?
>
> DID THE TRIAL COURT ERR BY ALLOWING INTO EVIDENCE THE INADMISSIBLE HEARSAY STATEMENT MADE BY [VICTIM] TO [OFFICER ST.] ONGE, AS [VICTIM] WAS NOT UNDER THE STRESS OF EXCITEMENT FROM ANY STARTLING EVENT AT THE TIME THE STATEMENT WAS ALLEGEDLY MADE TO [OFFICER ST.] ONGE, AND THEREFORE DID NOT FALL UNDER THE EXCITED UTTERANCE EXCEPTION?

(Appellant's Brief at 7).

The law on conspiracy provides:

> The general rule of law pertaining to the culpability of conspirators is that each individual member of the conspiracy is criminally responsible for the acts of his co-

---

[2] The court mistakenly sent the Rule 1925(b) order to trial counsel on July 5, 2018. The court later reissued the Rule 1925(b) order to appellate counsel on July 12, 2018.

> conspirators committed in furtherance of the conspiracy. The co-conspirator rule assigns legal culpability equally to all members of the conspiracy. All co-conspirators are responsible for actions undertaken in furtherance of the conspiracy regardless of their individual knowledge of such actions and regardless of which member of the conspiracy undertook the action.

*Commonwealth v. Galindes*, 786 A.2d 1004, 1011 (Pa.Super. 2001), *appeal denied*, 569 Pa. 691, 803 A.2d 733 (2002) (holding it was unnecessary to determine which of two defendants fired gun; fact that one defendant shot at victim renders other defendant equally criminally responsible).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Anne Marie B. Coyle, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed December 3, 2018, at 5-11) (finding: **(3)** Officer St. Onge's testimony regarding Victim's post-attack statement satisfied excited utterance exception to rule against hearsay; Victim blurted out statement to Officer St. Onge while on way to hospital for emergency treatment just after being severely beaten; Victim made statement within approximately twenty minutes of attack, while intoxicated and still bleeding from attack wounds; Victim made statement while still under stress of excitement stemming from attack; **(1)** police observed Appellant and his cohort acting together, demonstrating collaborative effort to cause Victim bodily injury; Officer Winscow credibly testified he saw Victim on ground as

Appellant's cohort repeatedly struck Victim in face with handgun while Appellant forcibly removed Victim's pants; Victim suffered multiple injuries, including cuts, bruises, profuse facial bleeding, and eye swelling; both assailants took advantage of Victim, who was in extremely vulnerable, inebriated state; police later recovered handgun Appellant's cohort used to strike Victim from house where both assailants had hidden themselves after attack; analysis deemed handgun to be operable firearm, qualifying as deadly weapon; that Appellant's cohort wielded handgun during attack does not absolve Appellant of guilt for use of deadly weapon during attack; **(2)** direct and circumstantial eyewitness testimony from police officers, investigators, and Victim, along with physical evidence in form of attack weapon, medical records, and photographs, constituted sufficient evidence to convict Appellant of conspiracy to commit aggravated assault; sufficient evidence supported jury's determination Appellant and his cohort entered into agreement to assault Victim, and each assailant actively assisted in attack of Victim; Appellant assisted in attack by removing pants of incapacitated Victim, while cohort struck Victim in face with deadly weapon; Victim suffered significant injuries as result of attack).  Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/19/19</u>